UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN YOUNG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS M HENDERSON, et al.,<br><br>　　　　Defendants. | Case No.  16-cv-04262-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 13, 14 |

In July 2015, Plaintiff Alan Young brought the instant case against Defendants, alleging that Defendants took $53.5 million in partnership funds for their personal use. Docket No. 5-24 (Second Amended Complaint) (SAC) at ¶¶ 2-4. Based on these actions, Young brought claims for the breach of fiduciary duty, conversion, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, demand for books and records of California Limited Liability Companies, violation of California Corporations Code §§ 17701.01 *et seq.*, and an accounting. *Id.* at 29-42. On July 28, 2016, Defendants Gold Medal, L.P. and Comprehensive Care of Oakland, L.P. removed the instant case. Docket No. 5 (Not. of Removal). Young then filed a motion to remand, as well as a motion to shorten time. Docket Nos. 13 (Mot. to Remand); 14 (Mot. to Shorten Time).

Based on the notice of removal and filing, this Court has serious doubts whether removal was proper. First, it appears that the removal was untimely as service of the complaint occurred around May 27, 2016, whereas removal did not occur until July 22, 2016. *See* Docket No. 13-1 (Levine Dec.) at ¶ 5. Second, the notice of removal was filed solely on behalf of Gold Medal and Comprehensive Care, yet there are multiple defendants in this case who had been served and were actively litigating this case, in violation of the unanimous consent requirement. Third, there does

not appear to be any federal question raised by this case; Young has brought only state causes of action.  At best, the only connection to federal law in this case is that Young contends that funds that were supposed to go to creating jobs that would qualify under the federal EB-5 immigrant investor program were instead diverted into commercial real estate in downtown Oakland.  *See* SAC at ¶¶ 4, 65-74.  It is not apparent that this diversion of funds can create a federal cause of action.

Gold Medal, L.P. and Comprehensive Care are hereby ordered to show cause why the Court should not remand this case; their response to this Order shall be filed by **Friday**, **August 5, 2016** at **4:00 p.m. PST**.  Should the removal be found improper, the Court may impose sanctions.

**IT IS SO ORDERED**.

Dated: August 2, 2016

_____
EDWARD M. CHEN
United States District Judge