UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN YOUNG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS M HENDERSON, et al.,<br><br>    Defendants. | Case No. 16-cv-04262-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 13 |

Defendants California Gold Medal, L.P. and Comprehensive Care of Oakland, L.P. (together, "Removing Defendants") removed this action from state court on July 29, 2016. *See* Docket No. 5 ("Removal"). Plaintiff Alan Young ("Young") filed a motion to remand this action back to the Superior Court of the State of California in and for the County of Alameda. *See* Docket No. 13 ("Motion").

Plaintiff asked that the Motion be heard on an expedited schedule. Docket No. 14. Removing Defendants opposed, arguing they needed more time to develop their arguments. *See* Docket No. 21 at 4. The Court set a hearing date of August 18, 2016 for the Motion. After the Court set the hearing date, Removing Defendants stated for the first time that their counsel was unavailable until September 5, 2016. *See* Docket No. 23. The Court grants Removing Defendants' request to vacate the August 18 hearing.

The Court concludes no hearing is necessary. Pursuant to Civil Local Rule 7–1(b), the Court finds that this matter is appropriate for decision without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7–1(b). Having considered the parties' arguments, the Court **GRANTS** Plaintiff's Motion to Remand.

A. <u>Background</u>

    1. <u>Procedural</u>

This action has been proceeding in California state court since July 22, 2015 ("State Action"). *See* Removal at 2. Plaintiff named Thomas, Michael, and Matthew Henderson (the "Henderson Family", or the "Family") – all parties affiliated with Removing Defendants. *See* Docket No. 5-7 ("FAC"). After nearly a year of active litigation in state court, Young filed a Second Amended Complaint in the State Action on May 13, 2016. *See* Docket No. 5-24 ("SAC"). The SAC added Removing Defendants. *See id.* at 1.

The SAC asserts causes of action for breach of fiduciary duty, conversion, breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, violation of California Corporations Code Section 177072.01, and demands for books and records and for an accounting. *See* SAC at 29-43. It asserts no federal claims: Removing Defendants, however, contend the SAC "alleges substantial questions of federal law." Removal at 4.

On May 13, 2016, Plaintiff sent the SAC to counsel that represents the Henderson Family and Removing Defendants' sister company in the State Action. *See* Docket No. 13-3. The same counsel represents Removing Defendants here. *See* Reply at 7; *compare* Docket No. 13-3 *with* Removal (both showing Casalina & Disston as counsel).

Removing Defendants claim not to have been officially served with the SAC until June 28, 2016. Removal at 2. By this time, Removing Defendants had been served with the summons and various pleadings from the State Court action. *See* Docket No. 5 (attaching, *inter alia*, the SAC and Plaintiff's exhibits filed in support of the SAC, served on Removing Defendants by June 28, 2016; State Action defendants' Answer to the SAC and State Action defendants' Cross-Complaint, served on Removing Defendants by June 9, 2016).

Removing Defendants attempted to remove to this Court on July 28, 2016. *See* Docket No. 1. However, they failed to attach the required documents, and removal was not effective. *See id*. Removing Defendants filed a second notice of removal on July 29, 2016. *See* Removal.

    2. <u>Facts</u>

Plaintiff invested in six limited partnerships ("LPs") and limited liability companies

("LLCs") called CallSocket (collectively, "CallSockets"). SAC at 1. He owns between 47.5 and 50 percent of three CallSocket LLCs. ¶¶ 9, 12, 15.[1] This ownership in the LLCs gives him "an interest in the revenues and profits" of the three CallSocket LPs. ¶¶ 11, 14, 18.

The CallSockets were founded to allow foreign investors to gain visa status. ¶ 67. Investors invested in the LPs, and the CallSocket LLCs operate the CallSocket LPs "on behalf of the foreign limited partner investors." ¶ 71. In exchange for managing the LPs, the LLCs (and through them their owners, Plaintiff and the Henderson Family) would receive $50,000 up front, a management fee of $10,000 per investor per year, and 50 percent of the cash flow. ¶ 72. Thomas Henderson handled the tasks associated with corporate formation, and Plaintiff created a business plan and managed the call centers. ¶ 74.

Plaintiff asserts that he has been "frozen out of the business and operations of" the CallSockets. ¶ 2. He believes this is because the Henderson Family, personally and through companies they own and manage, have been diverting CallSockets' assets and funds "for their personal use and benefit unrelated to any legitimate company purpose." ¶¶ 3, 25. Among other entities,[2] Plaintiff alleges the Henderson Family owns Removing Defendants, and acts as agent for service of process on Removing Defendants. ¶¶ 27, 35. He alleges these defendants "have taken $53.5 million of investor funds." ¶ 4.

Plaintiff alleges that the Henderson Family has commingled funds between the CallSockets, San Francisco Regional Center ("SFRC"), and various entities the Family controls. ¶ 59. He also alleges the Family uses the CallSockets' funds for their personal benefit; to acquire real property, personal property, and businesses in the name of the Henderson Family or of one of the entities they control; to divert the CallSockets' funds into separate bank accounts; and to lease real property with CallSockets' funds and then take the income from that lease for their own use.

---

[1] Unless otherwise noted, "¶" refers to the SAC.

[2] Plaintiff alleges the Henderson Family also owns and acts as agent for service of process for SFRC; Berkeley Healthcare Dynamics, L.P.; CallTeks Security, LLC; City Brand Media, LLC; Immedia, LLC; Magnin Events, LLC; North America 3PL, LLC; North America 3PL, L.P.; Tesh, LLC; This is There Restaurant Group, LLC; Hydrant Media, LLC; HF Telco, LLC; Metro WiFi Rail, L.P.; JL Gateway, LLC; and GeoDomain Development Ventures, LLC. SAC ¶¶ 25-41. The Henderson Family and SFRC were named in Plaintiff's FAC. *See* FAC.

¶ 60. He alleges the Henderson Family breached the CallSockets' Operating Agreements by:

- engaging in related party transactions prohibited by the agreements, ¶ 86;
- failing to properly allocate and account for profits, losses, expenses, and income, and failing to properly allocate distributions, ¶ 87;
- failing to maintain separate bank accounts for each LLC, and commingling each CallSockets' funds with SFRC, other CallSockets, and other companies owned by the Henderson Family, ¶ 88;
- failing to provide Plaintiff with annual financial statements, ¶ 89;
- failing to maintain proper books and records, ¶ 90; and
- failing to give Plaintiff access to the books and records, ¶ 91.

Plaintiff alleges the Henderson Family solicited foreign investment by providing investors with offering documents. ¶ 92. These documents promised investors' capital would be used "only . . . for job-creating investments in the relevant geographic area;" "[t]hat the business objective and business purpose of each of the CallSocket LPs was to operate a call center in Oakland;" "[t]hat the general partner would only make investments that met the job creation requirements of the EB-5 program;" projected profits, and stated how expenses would be paid. ¶ 93. Plaintiff asserts the Henderson Family breached these promises by using investments "to speculate in and improve commercial real estate" and to pay expenses for other Family-owned companies. ¶ 97. Relevant here, Plaintiff alleges this breached the promises that the funds would be used "only for job-creating investments," "to operate a call center in Oakland," and only for "investments that met the job creation requirements of the EB-5 program." ¶¶ 97, 98, 101.

3. Law

Removing Defendants contend this case involves a question of federal law because some of the investors in CallSockets are foreign investors. Removal ¶¶ 2-3. The United States allocates up to 7.1 percent of visas to immigrants who have invested, or who are investing, at least $1 million in "a new commercial enterprise" "which will benefit the United States economy and create full-time employment for not fewer than 10" persons legally entitled to work in the United States. 8 U.S.C. § 1153(b)(5)(A)-(C). This is the "EB-5 Immigrant Investor Program," and is

administered by the United States Citizenship and Immigration Services ("USCIS"). *See* USCIS, EB-5 Immigrant Investor Program, https://www.uscis.gov/eb-5 (last visited August 15, 2016).

USCIS approves "investor regional centers" to implement this program. *See id*. San Francisco Regional Center ("SFRC"), a defendant in the State Action, is one of the regional centers approved by USCIS. Removal ¶ 2. Like Removing Defendants and the other defendants in the State Action, SFRC is owned by the Henderson Family, Thomas Henderson is its agent for service of process, and it shares counsel in the State Action with other defendants. SAC ¶ 25. Plaintiff also alleges that SFRC and Thomas Henderson "are the alter egos of one another." *Id*. ¶¶ 21, 54-61.

SFRC finds projects for investment and counts the number of jobs created by the project. *Id*. A foreign investor then needs only to provide identification documents, evidence of investment, and proof that the investment funds come from a lawful source. *Id*.

B. Analysis

1. Legal Standard

A defendant may remove a civil action filed in state court to federal court if the action could originally have been filed in federal court, unless otherwise expressly provided by Congress. 28 U.S.C. § 1441(a). Defendants may remove on the basis of an amended pleading, even "if the case stated by the initial pleading is not removable." *Id*. at § 1446(b)(3). In addition, "[i]f defendants are served at different times" and a later-served defendant removes the action, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id*. at § 1146(b)(2)(C).

Congress has set forth precise procedures for removal:

> *A defendant or defendants desiring to remove* any civil action from a State court *shall file* in the district court of the United States for the district and division within which such action is pending *a notice of removal* signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*.

*Id*. at § 1446(a) (emphasis added).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*Id*. at § 1446 (b)(1). In others words, the removal clock starts ticking once a defendant has been served with both the summons and the complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (identifying when the clock starts ticking under various situations).

Upon a motion to remand, the scope of a removal statute is strictly construed against removal. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir.2008). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992) (internal citations and quotations omitted); *Elec. Workers Local #357 Pension v. Clovis Oncology, Inc.*, -- F. Supp. 3d --, 2016 WL 2592947, at *3 (N.D. Cal. May 5, 2016) ("Plaintiff does not have the burden of establishing an 'express exception' to the removal statute. "). Any decision to remand is not subject to appeal. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").

2. <u>Removing Defendants Had Until July 28, 2016 to Remove</u>

Plaintiff argues that removal "is untimely, having been filed more than 30 days after Removing Defendants received the Complaint." Mot. at 3. He points to the removal statute's provision requiring defendants to remove within 30 days of the earlier of the day they were served or the day they received a copy of the pleading. Motion at 7-8. Here, Plaintiff contends that Removing Defendants received the SAC within a day or two of May 27, 2016, which is the day he mailed the SAC to Removing Defendants' agent for service of process. *Id*. at 7. Thus, by his calculations, Removing Defendants should have removed by the end of June. In other words, Plaintiff contends the removal clock began ticking the day the SAC arrived by mail.

Plaintiff's argument fails to account for the California statute governing service by mail. That code section states that "[s]ervice of a summons" by mail "is deemed complete on the date a written acknowledgement of receipt of summons is executed." Cal. Civ. Proc. Code § 415.30(c).

1    The United States Supreme Court has held that the removal clock does not start ticking until the
2    defendant is "notified of the action, and brought under a court's authority, by *formal process*."
3    *Murphy Bros.*, 526 U.S. at 347 (emphasis added). In that case, the plaintiff faxed a courtesy copy
4    of the complaint to the defendant on January 29, 1996, but did not formally serve the defendant
5    until February 12. *Id*. at 348. The defendant removed thirty days after service. *Id*. The Supreme
6    Court held that the removal period did not run until both service and furnishing of the complaint to
7    the defendant are complete. *Id*. at 354, 356.

8    While Removing Defendants received the SAC by early June, they sat on the document
9    and did not execute the required acknowledgement until June 28, 2016. *See* Docket No. 21-1.
10   While this may reflect gamesmanship by Removing Defendants, California law permits this.
11   Service was not complete until the acknowledgement was executed on June 28, 2016. Defendants
12   thus had until July 28, 2016 to remove the case. *See* 28 U.S.C. § 1446(b).

13       3.    <u>Removing Defendants Did Not Remove Until July 29, 2016</u>

14   Removing Defendants did not remove to this Court until July 29, 2016. The statute
15   governing removal procedure states that, when a defendant removes to federal court, the defendant
16   "shall file" "a notice of removal" "together with a copy of all process, pleadings, and orders served
17   upon such defendant." 28 U.S.C. § 1446(a). Here, Removing Defendants had been served with a
18   copy of the SAC and its exhibits, a cross-complaint, and an answer, all on or before June 28,
19   2016.[3] Removing Defendants filed a notice of removal at 3:26 p.m. on July 28, 2016. *See* Docket
20   No. 1. However, this notice was not accompanied by any of the papers that had been served on
21   Removing Defendants. *See id*. Indeed, Removing Defendants did not even attach the SAC that
22   they contend gives rise to jurisdiction. *See id*. Removing Defendants did not correct this error
23   until 3:52 p.m. on July 29, 2016.[4]

24   The removal statute is not permissive. It requires that defendants "shall file" the notice,

---

[3] Removing Defendants' Notice of Removal attached two orders from the State Action. *See* Docket Nos. 5-22 (order denying motion to strike), 5-23 (order sustaining demurrer to FAC).

[4] The 30-day removal clock begins ticking from the day the summons and complaint are served. It does not re-start when other documents are served. *See* 28 U.S.C. § 1446(b) (removal must be "within 30 days after the receipt . . . of a copy of the *initial pleading*") (emphasis added).

7

"together with" other served papers. 28 U.S.C. § 1446(a). Here, Removing Defendants did not comply with the removal statute within the allotted time. Therefore, they did not timely remove this case.

This is a strict construction of the statute, but is not unfair to Removing Defendants. First, as noted above, Removing Defendants sat on the summons for the State Action for four weeks, well over the time contemplated by the California State Legislature,[5] and still had an additional 30 days to remove. In all, Removing Defendants had eight weeks from the time they received the SAC to organize their strategy and their papers. This is not a case where Removing Defendants were rushed in their removal.

Second, Removing Defendants presumably knew about the SAC by May 13, 2016, when the same counsel they shared with the other affiliated Defendants received the SAC which named Removing Defendants as defendants in the action. *See* Docket No. 5-29 at ¶¶ 27, 35 (admitting that the Henderson Family is the owner and agent for service of process for Removing Defendants); ¶ 25 (admitting that the Henderson Family is the owner and agent for service of process for SFRC); SAC at 45.

Third, the California court has already expended substantial resources in the State Action. The State Action has been through two rounds of dismissal briefing, and the State Action defendants have already answered Plaintiff's SAC. *See* Docket No. 5-29.

///
///
///
///
///
///

---

[5] California law provides that if a defendant does not complete the acknowledgement within 20 days, the defendant "shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method." Cal. Civ. Proc. Code § 415.30(d). The California State Legislature did not contemplate a defendant sitting on the summons for four weeks, as Removing Defendants did here.

Removing Defendants did not comply with the removal statute, and it is entirely equitable to hold them to that statute.  The Court **GRANTS** Plaintiff's motion to remand.

This order disposes of Docket Nos. 13 and 18.

**IT IS SO ORDERED**

Dated: August 16, 2016

_____
EDWARD M. CHEN
United States District Judge